**ZHE XIN ZOU, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General,\* Respondent.**

No. 07–4977–ag.

United States Court of Appeals, Second Circuit.

July 31, 2008.

Gary J. Yerman, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Michelle Gorden Latour, Assistant Director, Jamie M. Dowd, Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. ROBERT D. SACK, Hon. ROBERT A. KATZMANN, Circuit Judges.

### SUMMARY ORDER

Petitioner Zhe Xin Zou, a native and citizen of the People's Republic of China, seeks review of the October 15, 2007 order of the BIA denying his motion to reopen. *In re Zhe Xin Zou,* No. A70 900 464 (B.I.A. Oct. 15, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As a preliminary matter, while we treat each petition for review as challenging only the BIA decision from which it was timely filed, *Stone v. INS,* 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995), the BIA's "varying techniques" in affirming prior agency decisions "affect the scope of our review." *Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). In Zou's case, the language of the BIA's October 2007 decision suggests that it intended to incorporate its March 2006 decision. Accordingly, we review both of those decisions together. *See Dong Gao v. BIA,* 482 F.3d 122, 125 (2d Cir.2007).

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as the respondent in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

Here, we conclude that the BIA did not abuse its discretion in denying Zou's motion to reopen because he failed to demonstrate *prima facie* eligibility for asylum, withholding of deportation, or relief under the Convention Against Torture. Contrary to Zou's assertion, there is no indication that the BIA failed to sufficiently consider the documents he submitted in support of his motion to reopen. Indeed, while the BIA was not required to "expressly parse and refute ... each and every" piece of evidence Zou offered, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006), the de-

tailed nature of its opinions suggests that it did so. For example, the BIA provided a lengthy evaluation of the affidavit and testimony of Dr. John S. Aird, including a balancing of the information contained therein against other sources in the record, such as the U.S. State Department's 1998 China Profile. *Cf. Wei Guang Wang v. BIA,* 437 F.3d 270, 275 (2d Cir.2006) (discussing the BIA's proper rejection of the "oft-cited Aird affidavit" as a basis for granting a motion to reopen). Moreover, the BIA adequately considered the September 2002 Population and Family Planning Law before rejecting it as a basis for reopening Zou's deportation proceedings. *See id.* (providing that "[t]he BIA should demonstrate that it has considered [the record] evidence, even if only to dismiss it"). In light of the foregoing, there is an insufficient basis for concluding that the BIA abused its discretion in denying Zou's motion to reopen. *Kaur,* 413 F.3d at 233–34.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the petitioner's pending motion for a stay of removal is DISMISSED as moot.