**RI HONG GAO, Petitioner,**

v.

**Michael B. MUKASEY, Respondent.**

**No. 07–5699–ag.**

United States Court of Appeals, Second Circuit.

Oct. 3, 2008.

Meer M.M. Rahman, New York, N.Y. (on submission), for Appellant.

Rebecca A. Niburg, Trial Attorney, Office of Immigration Litigation, for Jeffrey S. Bucholtz, Acting Assistant Attorney General, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C. (on submission), for Appellee.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner appeals the BIA's denial of a motion to reopen for adjustment of status and subsequent denial of a motion to reconsider. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

■ We review the denial of a motion to reconsider for abuse of discretion, a standard met only if the BIA failed to offer a rational explanation, departed from established policies, lacked any reasoning, or was otherwise arbitrary or capricious. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam). The BIA was within its discretion to deny Petitioner's motion to reconsider because Petitioner failed to allege any errors of law or fact in the underlying denial of the motion to reopen. *See* 8 U.S.C. § 1229a(c)(6)(C); *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 90 (2d Cir.2001) ("[A] motion for reconsideration must specify the errors of fact or law in the Board's decision and be supported with pertinent authority.").

■ We need not directly address the merits of Petitioner's initial motion to reopen because Petitioner did not appeal immediately that denial but rather waited until the BIA denied reconsideration, at which time an appeal of the denial of the motion to reopen was no longer timely. *Cf. Stone v. INS,* 514 U.S. 386, 405–06, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995); *Zhe Xin Zou v. Mukasey,* 287 Fed.Appx. 138, 138 (2d Cir.2008) (unpublished summary order) ("[W]e treat each petition for review as challenging only the BIA decision from which it was timely filed.").

■ We note in passing, however, that Petitioner's underlying motion to reopen appears meritless. It was filed more than 90 days after the date of entry of the final order and thus was untimely, *see* 8 U.S.C.

§ 1229a(c)(7)(C); *see also* 8 C.F.R. § 1003.2(c)(2), and marriage is a changed personal circumstance that does not excuse the 90–day limit, *see Yuen Jin v. Mukasey*, 538 F.3d 143 (2d Cir.2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir.2006) ("The law is clear that a petitioner must show changed country conditions in order to exceed the 90–day filing requirement for seeking to reopen removal proceedings. A self-induced change in personal circumstances cannot suffice.") (citation omitted). We have considered all of Petitioner's arguments and find them to be without merit. Accordingly, we DENY the petition for review.